IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR D. JOSEPH, | : | |
|     Petitioner | : | Civil Action No. 1:06-CV-01815 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| ATTORNEY GENERAL OF THE | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, | : | |
|     Respondent | : | |

**MEMORANDUM**

**I.     BACKGROUND**

Arthur Joseph brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a conviction obtained against him in the Adams County Court of Common Pleas in early 2002.  Joseph, a contractor, was charged with four counts of theft by deception and four counts of deceptive business practices stemming from delays and other problems in four construction projects.  Although he was acquitted of three of the charges, Joseph was found guilty of two counts of theft by deception and two counts of deceptive business practices.  He was sentenced to serve 60 months in the Adams County Intermediate Punishment Program, and was ordered to pay restitution in the amount of $6,581.94, plus fines and costs in the amount of $1,145.  Joseph appealed to the Pennsylvania Superior Court, which affirmed his conviction.  He then filed an untimely petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied.  This petition for a writ of habeas corpus followed.

Joseph filed the instant petition for writ of habeas corpus on September 15, 2006.  After the Court informed Joseph about the limitations on successive habeas petitions, see Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Joseph elected to file an amended petition.  (Doc. No. 6.)

Joseph asserts in his amended habeas petition that the charges brought against him were pursued in bad faith, and ultimately that the conviction was obtained through the denial of his trial rights. Joseph intimates that the prosecution's underlying motive for pursuing criminal charges was to retaliate against him for a lawsuit against officers of the West Manheim Police Department, which he had filed in this Court.[1]  Joseph also contends that several of his trial rights were violated, including allegations that the prosecution did not turn over exculpatory evidence and that his attorney provided ineffective counsel.  The Government filed a response to Joseph's petition, in which it argued that his petition was untimely and his claims barred by procedural default.  For the following reasons, Joseph's petition will be denied as untimely.

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period on "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  That one-year period begins on the "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Id.[2]

Joseph was sentenced on May 8, 2002.  He thereafter timely appealed to the Pennsylvania Superior Court.  On February 23, 2004, the Superior Court affirmed the conviction.  On August

---

[1] Mr. Joseph filed two suits in this Court.  The first, against Curtis A. Whitmoyer, No. 01-CV-344, was dismissed  The second, which was filed against the West Manheim Police Department, Police Chief Franek, and Police Officer Wildasin, No. 01-CV-531, was resolved in favor of the defendants on summary judgment, with the exception of a Fourth Amendment claim brought against Chief Franek.  Joseph ultimately settled with Chief Franek, and took an appeal of the Court's summary judgment motion.  The Third Circuit affirmed the decision.  Joseph ultimately filed a petition for writ of certiorari with the Supreme Court, which was denied.

[2] The three other triggering events are not at issue in this case.

2, 2004, Joseph filed a petition for allowance of appeal in the Pennsylvania Supreme Court. The Court returned the motion as untimely, and indicated that Joseph would be permitted to file a petition for leave to file a petition for allowance of appeal <u>nunc</u> <u>pro</u> <u>tunc</u>, which Joseph filed on August 11, 2004. The Pennsylvania Supreme Court denied the petition on September 17, 2004. Joseph thereafter filed an application for reconsideration, which the Pennsylvania Supreme Court denied on November 9, 2004.

Joseph's initially filed his petition for writ of habeas corpus in this Court on September 15, 2006. Even assuming that the one-year limitations period began on November 9, 2004 – the last date on which the statute of limitations could potentially have been said to run – his claim would be untimely.

Joseph provides two justifications for filing as late as September 15, 2006. First, Joseph asserts that he sought petition for writ of certiorari from the Supreme Court of the United States, which was denied on March 27, 2006. However, Joseph's petition for writ of certiorari was filed in connection with his civil lawsuit against West Manheim Township, not the conviction that is the subject of the habeas petition. <u>See</u> <u>Joseph v. W. Manheim Police Dep't</u>, No. 05-8793 (S. Ct. Dkt). Even if Petitioner could successfully consolidate the criminal matter with his federal civil-rights claim, his petition for writ of certiorari was not filed until September 12, 2005, which would have been beyond the 90-day time period for filing a petition. Supreme Court R. 13.1.

Joseph also argues that principles of equity militate in favor of tolling the limitations period. The Supreme Court has held that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005).

Joseph states in his reply brief that:

> The instant petition was not untimely.  If by some chance it is untimely then I ask this court to address these issues because they were not properly presented by my paid counsel and not one person has validated the issue of probable cause.  I ask you to realize the stress I have been under with the multiple cases I had before the courts and consider the fact that I could not afford the proper representation to pursue the proper legal assistance I needed and I believe that was why I lost the West Manheim [sic] case.

(Doc. No. 17, at 4-5.)  The Court appreciates Joseph's predicament: juggling parallel proceedings in the state and federal court systems is a task that can be difficult even for the experienced lawyer.  However, even if this Court were to find that Joseph pursued his claims diligently, the circumstances of his case are not sufficiently "extraordinary" to warrant equitable tolling.  Indeed, the Supreme Court has expressly countenanced this type of predicament – maintaining civil proceedings while criminal proceedings are pending – and rejected his view that untimeliness can be excused.  Wallace v. Kato, 127 S. Ct. 1091, 1109-10 (2007) (holding that the statute-of-limitations period begins in a false-arrest claims "at the time the claimant becomes detained pursuant to legal process" even though criminal proceedings may be ongoing).  The Court is therefore constrained to find Mr. Joseph's claims to be untimely, barred by AEDPA's statute of limitations.  His petition for writ of certiorari must therefore be denied.

### III.   CONCLUSION

For the foregoing reasons, the Court will deny the petition for writ of habeas corpus.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR D. JOSEPH,** | : | |
| Petitioner | : | Civil Action No. 1:06-CV-01815 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **ATTORNEY GENERAL OF THE** | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| Respondent | : | |

## ORDER

**AND NOW**, on this 17th day of July, 2007, upon due consideration by this Court and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the amended petition for writ of habeas corpus is **DENIED**. The Clerk of Court is directed to **CLOSE** this case.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania